**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LILLIE C. SULLIVAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO.    -cv-** |
| | § | |
| **FOLLETT SCHOOL SOLUTIONS, INC.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **Defendant.** | § | |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to §207 and §216 of the Fair Labor Standards Act of 1938 (FLSA), Plaintiff, Lillie C. Sullivan ("Plaintiff") files this Original Complaint against Defendant, Follett School Solutions, Inc., ("Defendant") and would respectfully show as follows:

**A.      PARTIES**

1.      The Plaintiff is Lillie C. Sullivan.  She is a resident of Pearland, Texas.  Plaintiff was employed by Defendant within the meaning of the FLSA.

2.      Defendant, Follett School Solutions, Inc., is a foreign for-profit corporation with its principal place of business in the state of Illinois, engaged in commerce in Texas and subject to the FLSA.  This Defendant was, at all times material to this suit, the Plaintiff's employer.

3.      Defendant may be served with process by serving its agent for service of process as follows:

> **CT Corporation System**
> **1999 Bryan Street, Suite 900**
> **Dallas, Texas 75201-3136**

## B.     JURISDICTION

4.     This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  The Plaintiff's claims arise under the Fair Labor Standards Act, as amended, 29 U.S.C. §201, et seq. (hereafter referred to as the "FLSA").  As such, this case presents a federal question.

## C.     VENUE

5.     Defendant does systematic and continuous business in the State of Texas and in this district.  This lawsuit arises out of some of those contacts.  Accordingly, this court has personal jurisdiction over Defendant pursuant to 28 U.S.C. §1391(b)(1) & (2) and venue for this suit is proper in this district and division.

## D.     FACTS

6.     Defendant provides educational content, products and technologies to educators, schools, and institutions to help them acquire and exploit new technologies and sources of information in the field of education.  It hires and maintains sales and training teams for use by educators throughout the United States, including in Pearland, Texas.  Defendant maintains a presence on the internet and uses that presence to solicit business in Texas.

7.     At all relevant times, Defendant has been and continues to be engaged in interstate commerce, engaged in the production of goods for commerce, and/or is an enterprise engaged in the production of goods for commerce or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.  Defendant employs individuals, like Plaintiff, who have been and/or continue to be engaged in interstate commerce and/or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or engaged in the production of goods for

commerce within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, the enterprise has a total annual gross volume of business exceeding $500,000.

8.      Defendant possessed the power to hire and fire employees and supervised or controlled employee work schedules, work locations and/or conditions of employment. Defendant determined the rate or method of payment of its employees and maintained records of same.  The violations of the FLSA alleged in this Complaint were proximately caused by the unlawful policies, customs, practices and/or procedures promulgated by Defendant.

9.      Plaintiff was employed by Defendant beginning June 2017 in the position of technical trainer.  As a trainer, Plaintiff was tasked with providing  product usage training to school district customers in the library sciences while demonstrating Defendant's advanced product functionality and technical tools. Her position was remote based and required extensive travel to meet her employer's training goals.  In practice, this activity consisted of reading Defendant's operation manual or training syllabus for the service or product and then leading the customer through a familiarization process.  This information was relayed in easily understood terms to a non-technical audience.  This presentation did not require an advanced education degree or a technical degree in any field of science or learning.  Plaintiff was not called upon and did not exercise any discretion or independent judgment in the providing of this training.

10.     When she was hired, Plaintiff was improperly classified as an exempt employee and was not paid overtime at one and one-half times her regular rate of pay when she worked over 40 hours in a week.  As a trainer employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce or was employed in an enterprise engaged in commerce or in the production of goods for commerce, or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person.   Plaintiff was directed to her assignments by Defendant.   She relied upon her employer to provide her with the training materials and/or equipment necessary to fulfil her training requirements. Plaintiff was required to follow the policies and procedures of Defendant in performing her regular everyday duties and, at all times relevant to this claim, Defendant exercised complete control over Plaintiff's work.   Based on Defendant's designation of Plaintiff as an exempt, salaried employee, Defendant required Plaintiff to work weekly hours in excess of forty per week.   Moreover, on some weeks, Defendant would provide Plaintiff with comp time in lieu of regular and overtime wages for days that she had already worked.   Defendant was aware that Plaintiff was working these hours and was aware of the prohibition against comp time by a private employer but continued to engage in the practice.

11.     As a result of Defendants' actions, Plaintiff sustained damages. The exact amount of Plaintiff's damages is unknown at this time and will be calculated when Defendant discloses Plaintiff's payroll records.

12.     The violations of the FLSA outlined above were committed in bad faith. It was unreasonable for the Defendants to classify Plaintiff as an exempt employee, to provide comp time in lieu of wages and to deny her minimum wage and overtime pay.

### E. CAUSE OF ACTION

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)

13.     The Plaintiff incorporates within Count 1 all of the factual allegations set forth in paragraphs 1-12, *supra*.

14.     At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203.   At all relevant times, Defendant has employed and/or

4

continues to employ employees, including Plaintiff, who have been and/or continue to be engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendant has had annual gross sales in excess of $500,000.

15.     The FLSA requires Defendant, a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

16.     Plaintiff is entitled to compensation for all hours worked, and for all overtime hours worked.

17.     Defendant failed and refused to compensate Plaintiff for work she performed in excess of forty (40) hours per week.

18.     The Defendant violated §207 of the FLSA by employing the Plaintiff in any workweek when she was engaged in and/or employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek in excess of forty hours, and by not compensating her for work hours in excess of forty hours at a rate of not less than one and one-half times the regular rate at which she was employed. See 29 U.S.C. §207(a)(1). The decision made by the Defendant to withhold overtime pay to the Plaintiff was not reasonable nor in good faith. Accordingly, the Plaintiff is entitled to her unpaid wages and overtime compensation, liquidated damages in an amount equal to her unpaid wages and overtime compensation, as provided by law and which she seeks from the Defendant by this suit.

19.     The overtime work performed by Plaintiff was required by Defendant, for the benefit of Defendant, and was directly related to Plaintiff's principal employment with Defendant and was an integral and indispensable part of her employment with Defendant.

20.     The FLSA requires employers like Defendant to maintain accurate records of all hours worked.  By failing to record, report, and/or preserve records of hours worked by Plaintiff, upon information and belief, Defendant has failed to make, keep, and preserve records in violation of 29 U.S.C. §201 *et seq*., including 29 U.S.C. §§211(c) and 215(a).  These violations were knowing and willful within the meaning of the FLSA.

21.     The FLSA requires Defendants, as covered employers, to compensate all non-exempt employees for all hours worked at a rate not less than minimum wage, 29 U.S.C. §206(a), and to compensate all non-exempt employees at a rate of not less than one- and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a)(1).

22.     The Defendants violated §206 of the FLSA by employing the Plaintiff in any workweek, where she was engaged in and/or employed in an enterprise engaged in commerce or the production of goods for commerce or engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in which she was not paid at least the federal minimum wage for each hour worked. The decision made by the Defendant to provide Plaintiff with comp time in lieu of wages was not reasonable or in good faith.  Accordingly, the Plaintiff is entitled to her unpaid wages and overtime compensation, liquidated damages in an amount equal to her unpaid wages and overtime compensation, as provided by law and which he seeks from the Defendants by this suit.

23.     Pursuant to the FLSA, the Plaintiff also seeks recovery of her reasonable and necessary costs, expenses and attorney's fees incurred in this matter for trial and appeal, if necessary, of this suit, and such other legal and equitable relief to which she is justly entitled. Defendant, and was directly related to Plaintiff's principal activities of employment with Defendant and was an integral and indispensable part of his employment with Defendants, such that such activities constitute compensable work under the FLSA.

### F.     JURY DEMAND

24.     Plaintiff hereby requests a trial by jury.

### PRAYER

For these reasons, Plaintiff respectfully requests that Defendant be cited to appear and answer herein and that, following final hearing, she be awarded all of her unpaid wages, unpaid overtime, liquidated damages, and all of the elements of damages provided by law, in addition to costs, attorney's fees, post-judgment interest, and for such other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP

*/s/John A Sullivan, III*
John A. Sullivan III
State Bar No. 19483500
Fed. I.D. No.  1398
jsullivan@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas  77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)
ATTORNEY-IN-CHARGE FOR PLAINTIFF
LILLIE C. SULLIVAN

OF COUNSEL:

Robert J. Filteau
State Bar No. 06997300
Fed. I.D. No. 3540
rfilteau@fso-lawprac.com
1110 NASA Parkway, Suite 470
Houston, Texas  77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)

and

THE LAW OFFICES OF FILTEAU & SULLIVAN, LTD., LLP
1110 NASA Parkway, Suite 470
Houston, Texas  77058-3351
(713) 236-1400 (Telephone)
(713) 236-1706 (Telecopier)